No. 06-361 T
Judge Victor J. Wolski

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TICKETS.COM, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraphs 4 and 5 of RCFC Appendix A, the parties submit the following information:

a. JURISDICTION

Plaintiff's Statement

Plaintiff asserts that the Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1346(a)(1).

Defendant's Statement

Defendant avers that jurisdiction, if it exists in this case, would be conferred by 28 U.S.C. § 1491. At this juncture, however, defendant cannot determine whether plaintiff has satisfied all jurisdictional prerequisites in this action. The specific jurisdictional questions are whether the excise tax amounts claimed by plaintiff were

actually paid and, if so, whether any other party has obtained a refund of any of the taxes paid.

b. CONSOLIDATION

The parties do not believe that this case should be consolidated with any other case before the Court of Federal Claims at this time.

c. BIFURCATION OF TRIAL

The parties do not believe that trial will be necessary in this case. In the event of a trial in this case, the parties believe that separate trials on the questions of liability and damages are unnecessary, and all evidence necessary to resolve both questions should be presented together. We would ask the Court initially to determine the question of liability only, and afterwards, depending upon the Court's ruling on the merits of the dispute, permit the parties a reasonable period to perform and agree upon any necessary computation of the tax and interest due, so that the parties can submit a stipulation as to the amount of any judgment. This will avoid devoting unnecessary attention to computations at trial.

d. DEFERRAL OF PROCEEDINGS

The parties do not believe that the proceedings should be deferred pending consideration of any other case. The two cases previously pending before the Court of Appeals for the Federal Circuit (*America Online, Inc. v. United States*, Fed. Cir. No. 05-5138, and *Honeywell, Int'l. v. United States*, Fed. Cir. No. 05-5145), which appeared to concern the same substantive issues involved here, have been voluntarily dismissed

under Rule 42(b) of the Federal Rules of Appellate Procedure. The parties know of no basis for transferring this case to another tribunal.

e. REMAND OR SUSPENSION

Not applicable.

f. ADDITIONAL PARTIES

The parties do not know of any other additional parties to be joined.

g. DISPOSITIVE MOTIONS

In the event there are no jurisdictional defects, neither party intends, at this point in the litigation, to file a dispositive motion.

h. ISSUES

The fundamental issue in a tax refund suit is whether the taxpayer can establish that it has overpaid its taxes for the periods in suit. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The specific substantive issue is whether plaintiff paid telephone excise taxes for the periods at issue that are described as nontaxable under Notice 2006-50, and, if so, the amount of the overpayment.

i. SETTLEMENT

The parties believe that this case is susceptible to settlement.

j. TRIAL

The parties do not believe that trial will be necessary.

k. ELECTRONIC CASE MANAGEMENT

The parties are not aware of any special issues regarding electronic case management needs.

l. OTHER INFORMATION

Plaintiff's Statement

Plaintiff will move the Court to enter a protective order to maintain the confidentiality of Plaintiff's telecommunications contracts and the provisions contained in those agreements.

Plaintiff anticipates amending its pleadings to reflect additional claims filed for taxable quarters starting October 1, 2005, for which Plaintiff was subject to and paid federal communications excise tax on exempt communications services.

Defendant's Statement

Defendant's position with respect to adding new quarters to the case will depend upon how promptly plaintiff seeks to amend its pleadings, how far the parties have proceeded toward substantiating the taxes paid for the quarters at issue, and the status of settlement discussions that would resolve the entire case.

PROPOSED DISCOVERY PLAN

Plaintiff will informally provide what it intends as substantiating evidence regarding the payment of the excise taxes in dispute. Defendant will review such evidence, with the hope that it will enable the parties to resolve the case without further judicial intervention. If the parties are unable to do so, they will propose a course of further proceedings to resolve the case, including any necessary additional discovery.

The parties do not believe it is necessary to file initial disclosures and propose that they be relieved of that obligation.

Plaintiff joins in this status report, and has authorized defendant to sign in its behalf.

Respectfully submitted,

s/Jacob Christensen

JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

August 21, 2006

s/Steven Frahm
Of Counsel